# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  July 2, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| BRUCE GOLDSMITH, | * | No. 13-603v |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount Requested to which |
| AND HUMAN SERVICES, | * | Respondent Does not Object. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Elizabeth Martin Muldowney, Rawls, McNelis and Mitchell, PC, Richmond, VA, for petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On August 23, 2013, Bruce Goldsmith ("petitioner"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that a trivalent influenza (flu) vaccine, administered to him on October 20, 2010, caused him to suffer a significant aggravation of his previously diagnosed transverse myelitis, resulting in increased pain, gait deterioration, diminution in balance and other neurological sequalae.  Petition at 1.  Petitioner further alleged that he suffered the residual effects or complications of his vaccine injury for more than six months.  Id. at 6.  On February

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

27, 2015, the undersigned entered a decision awarding compensation to petitioner based on a stipulation filed by the parties.

On July 2, 2015, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs.  According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $28,000.00.  In accordance with General Order #9, petitioner's counsel states that petitioner advanced $500.00, in reimbursable costs in pursuit of this claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Elizabeth M. Muldowney, of the law firm of Rawls, McNelis & Mitchell, in the amount of **$28,000.00**, and

(2) in the form of a check payable to petitioner only in the amount of **$500.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.